UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 07-20159
Hon: AVERN COHN

CHRYSTALIN CARTER,

    Defendant.

_____/

# MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

## I.

This is a criminal case. Following a jury trial, Chrystalin Carter (Carter) was found guilty of the following felony offenses for her participation in bank account takeover and mortgage fraud schemes: (1) conspiracy to use a means of identification of another person to commit access device fraud, in violation of 18 U.S.C. § 1028(f); (2) unauthorized use of an access device, in violation of §§ 1029(a)(2) & 2; (3) conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 & 1349; (4) conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 & 1349.

On January 9, 2009, the Court sentenced Carter to a concurrent 37 month term of imprisonment for each count of conviction. (Doc. 56). On August 3, 2010, Carter's conviction was affirmed on appeal. (Doc. 95).

Now before the Court is Carter's motion for reduction of sentence, pursuant to 18 U.S.C. §§ 3582(b)(1) & (c)(2), which grants the Court discretion to reduce a sentence

where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

For the reasons that follow, the motion will be denied.

## II.

The Court may modify an otherwise final judgment in limited circumstances under 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant, or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

Id.

In other words, " the sentencing range on which the sentence was based must have been subsequently lowered by the commission, and the reduction of the sentence must be consistent with applicable policy statements to qualify for a reduction under the statute." United States v. Payton, 617 F.3d 911, 913 (6th Cir. 2010).

Sentencing Commission policy statement U.S.S.G. § 1B1.10(2) states in pertinent part: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Payton, 617 F.3d at 913 (quoting U.S.S.G. § 1B1.10(2)).

## III.

As previously stated, the Court sentenced Carter to an incarceration term of 37 months, (Doc. 56), computed as follows: four (4) criminal points for embezzlement, forgery,

felon in possession of a firearm, and uttering and publishing, under U.S.S.G. § 4A1.1(c); and two (2) additional criminal history points for having committed the instant offense while on probation for a November 22, 2004 forgery conviction, under U.S.S.G. § 4A1.1(d). Carter's six (6) total points placed her in criminal category III. Combined with her offense category of 19, her applicable sentencing range was 37 to 46 months based on the November 1, 2007 edition of the Sentencing Guidelines.

Carter argues that the Court should reduce her sentence because she was assessed additional criminal history points under U.S.S.G. § 4A1.1(e), for having committed her offense within two (2) years of her release from imprisonment. Because U.S.S.G. § 4A1.1(e) is not included in the November 1, 2010 edition of the Sentencing Guidelines, Carter says her criminal history points should be reduced by two (2), pursuant to 18 U.S.C. § 3582(c)(2).

The government says that Carter's sentence should not be reduced because she was assessed the additional criminal history points under U.S.S.G. § 4A1.1(d), for having committed her offense while on probation for her prior forgery conviction, not U.S.S.G. § 4A1.1(e). Because U.S.S.G. § 4A1.1(d) is included in the November 1, 2010 edition of the Sentencing Guidelines, the government argues that Carter is not entitled to a sentence reduction. Further, the government says that even if the Court were to reduce Carter's total criminal history points by two (2), she still would not be entitled to a sentence reduction because her criminal category would not change. That is, even if the Court reduced her total points from six (6) to four (4), Carter would still be in criminal category III. Thus, the government says Carter is not entitled to relief. The government is correct.

The sentencing guidelines used to compute Carter's original sentencing range have not been subsequently amended by the Sentencing Commission, nor would her sentencing

3

range change if a two (2) point reduction was proper. Thus, a sentence reduction is not warranted under these circumstances. See Payton, 617 F.3d at 914-15.

IV.

For the reasons stated above, Carter's motion for reduction of sentence is DENIED.

SO ORDERED.


Dated: December 15, 2010      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Chrystalin Carter 42109-039, Alderson, Federal Prison Camp, Inmate Mail/Parcels, Glen Ray Rd. Box A, Alderson, WV 24910 and the attorneys of record on this date, December 15, 2010, by electronic and/or ordinary mail.

     S/Julie Owens
Case Manager, (313) 234-5160